IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIGITAL SIGNAL INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1265 (LPS) |
| | ) | |
| AUTHENTIFY, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant Authentify, Inc. ("Authentify"), answers the Complaint of Plaintiff Digital Signal Innovations, LLC ("DSI" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1.      Answering paragraph 1 of the Complaint, Authentify admits that the Complaint purports to allege a cause of action for patent infringement, but denies that Authentify has infringed any valid claim of the patent asserted in the Complaint.

## THE PARTIES

2.      Authentify lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3.      Authentify admits that it is a corporation organized under the laws of Delaware, and that it has a place of business at 8745 West Higgins Road, Suite 240, Chicago, Illinois 60631.  Except as specifically admitted, Authentify denies the remaining allegations of paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4.     Answering paragraph 4 of the Complaint, Authentify admits that the Complaint purports to allege a cause of action for patent infringement, but denies that it has infringed any valid claim of the patent listed in the Complaint.

5.     Authentify admits the allegations of paragraph 5 of the Complaint.

6.     Answering paragraph 6 of the Complaint, Authentify admits that it is incorporated in Delaware and that it is subject to personal jurisdiction.  Authentify further admits that it has conducted business in Delaware.  Except as specifically admitted, Authentify denies the remaining allegations of paragraph 6 of the Complaint.

7.     Answering paragraph 7 of the Complaint, Authentify admits that venue is appropriate in this action under the cited statutes, but denies that Delaware is a convenient forum for this litigation because Authentify's headquarters are located in Chicago, Illinois.  Therefore, the public and private interest factors do not support venue in this Court.  Authentify reserves the right to seek a transfer to a more convenient forum.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,636,282**

8.     Answering paragraph 8 of the Complaint, Authentify restates and incorporates the admissions, denials, and allegations of Paragraphs 1 through 7 above as if set forth herein.

9.     Answering paragraph 8 of the Complaint, Authentify admits that United States Patent No. 5,636,282 ("the '282 Patent") is titled *Method for Dial-In Access Security Using a Multimedia Modem*.  Authentify further admits that the '282 Patent was issued by the United States Patent and Trademark Office on June 3, 1997.  Authentify also admits that what purports to be a copy of the '282 Patent is attached as Exhibit A to the Complaint.  Authentify

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint and therefore denies the same.

10.     Authentify lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies the same.

11.     Authentify denies the allegations of paragraph 11 of the Complaint.

12.     Answering paragraph 12 of the Complaint, Authentify admits that it received correspondence from Plaintiff that was dated November 2, 2012, that the correspondence mentioned the '282 Patent, and that the correspondence alleged infringement. Authentify denies the remaining allegations of Paragraph 12 of the Complaint.

13.     Authentify denies the allegations of paragraph 13 of the Complaint.

14.     Authentify denies the allegations of paragraph 14 of the Complaint.

15.     Authentify denies the allegations of paragraph 15 of the Complaint.

16.     Authentify denies the allegations of paragraph 16 of the Complaint.

17.     Authentify denies the allegations of paragraph 17 of the Complaint.

18.     Authentify denies the allegations of paragraph 18 of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Authentify denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     Authentify has not infringed and does not infringe any valid or enforceable claim of the '282 Patent, directly, indirectly (such as contributorily or by inducement), literally, under the doctrine of equivalents, or willfully.

3

## SECOND DEFENSE

2.      One or more claim of the '282 Patent is invalid for failure to comply with the patent laws including 35 U.S.C. § 101, *et seq.*, including Sections 102, 103 and/or 112.

## THIRD DEFENSE

3.      On information and belief, Plaintiff's claims are barred by laches.

## FOURTH DEFENSE

4.      Plaintiff should be estopped from asserting infringement of the '282 patent.

## FIFTH DEFENSE

5.      Authentify reserves all matters asserted in its Counterclaims (described immediately below) as additional defenses.

Authentify reserves the right to assert additional affirmative defenses as discovery and investigation progress.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Authentify asserts the following Counterclaims against Plaintiff, Digital Signal Innovations, LLC ("DSI" or "Plaintiff").

## PARTIES

1.      Authentify is a Delaware corporation having its principal place of business in Chicago, Illinois.

2.      Plaintiff Digital Signal Innovations, LLC claims that it is a Delaware corporation with a place of business in Delaware.

## JURISDICTION AND VENUE

3.      This is an action for a declaration that the claims of United States Patent No. 5,636,282 ("the '282 Patent) are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4.      An actual, substantial, and continuing justiciable controversy exists between Authentify and Plaintiff with respect to which Authentify requires a declaration of its rights by this Court.  Specifically, the controversy relates to the invalidity and non-infringement of the '282 Patent and to Plaintiff's right to threaten and/or maintain a suit against Authentify for infringement of the '282 Patent.

5.      This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, although Authentify reserves the right to seek a transfer of this case to the District Court in the Northern District of Illinois, which is a more convenient forum.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '282 PATENT

7.      Authentify realleges and incorporates by reference the foregoing allegations asserted in its Answer and in the Counterclaim as though fully set forth here.

8.      Authentify has not infringed and does not infringe any valid claim of the '282 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

9.      There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Authentify as to whether Authentify has infringed or infringes any valid claim of the '282 Patent.

10.     Authentify requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT II**
**DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '282 PATENT**

11.     Authentify realleges and incorporates by reference the foregoing allegations as though fully set forth here.

12.     The '282 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103 and/or 112.

13.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Authentify as to whether there exists any valid asserted claim of the '282 Patent.

14.     Authentify requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

6

## ATTORNEYS' FEES

15.     This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs and expenses for Authentify against Plaintiff pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Authentify, Inc. respectfully prays for the following relief:

A       Dismissal of Plaintiff's Complaint with prejudice;

B.      Entry of Judgment in Authentify's favor and against Plaintiff;

C.      Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against Authentify;

D.      Enter judgment that Authentify has not infringed and does not infringe any valid claim of the '282 Patent literally, directly, willfully, contributorily, by way of inducement, and/or under the doctrine of equivalents;

E.      Enter judgment that claims of the '282 Patent are invalid pursuant to Title 35 of the United States Code;

F.      Find this case exceptional and award Authentify its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise;

G.      Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '282 Patent against Authentify or any parents, affiliates, or subsidiaries of Authentify or any of their respective officers, agents, employees, successors, and assigns;

H.      Award Authentify its costs; and

I.       Award Authentify any and all other relief, in law and in equity, to which the Court finds Authentify is justly entitled.

## AUTHENTIFY'S JURY DEMAND

Authentify demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

_____
Rodger D. Smith II (#3778)
Regina S.E. Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
rmurphy@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Brian G. Bodine
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101-2338
(206) 223-7400

September 3, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 3, 2013, upon the following in the manner indicated:

Stamatios Stamoulis, Esquire                              *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT LLC
6 Denny Road, Suite 307
Wilmington, DE  19809
*Attorneys for Plaintiff*


/s/ Regina S.E. Murphy
_____
Regina S.E. Murphy (#5648)