IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITAL SIGNAL INNOVATIONS, LLC<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AUTHENTIFY, INC.,<br><br>　　　　　Defendant. | Civil Action No. 13-1265 (LPS)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF DIGITAL SIGNAL INNOVATIONS, LLC'S
REPLY TO COUNTERCLAIMS OF DEFENDANT AUTHENTIFY, INC.**

Plaintiff Digital Signal Innovations, LLC ("DSI" or "Plaintiff"), by and through its counsel, hereby files this Reply in response to the Answer and Counterclaims of Defendant Authentify, Inc. ("Authentify" or "Defendant").

## COUNTERCLAIMS

## PARTIES

1.　　Authentify is a Delaware corporation having its principal place of business in Chicago, Illinois.

**ANSWER:** Admitted.

2.　　Plaintiff Digital Signal Innovations, LLC claims that it is a Delaware corporation with a place of business in Delaware.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

3.　　This is an action for a declaration that the claims of United States Patent No. 5,636,282 ("the '282 Patent) are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Accordingly, this Court has subject matter

jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

**ANSWER:** Admitted.

4. An actual, substantial, and continuing justiciable controversy exists between Authentify and Plaintiff with respect to which Authentify requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the '282 Patent and to Plaintiff's right to threaten and/or maintain a suit against Authentify for infringement of the '282 Patent.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action.

5. This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, although Authentify reserves the right to seek a transfer of this case to the District Court in the Northern District of Illinois, which is a more convenient forum.

**ANSWER:** DSI admits that this venue is proper in this District for purposes of this action. DSI denies the remaining allegations, averments and conclusions of law and fact in this paragraph.

**COUNT I**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '282 PATENT**

7. Authentify realleges and incorporates by reference the foregoing allegations asserted in its Answer and in the Counterclaim as though fully set forth here.

**ANSWER:** DSI incorporates by reference its responses to paragraphs 1 through 6 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 7 to assert any allegations, fact, or averment, by implication or otherwise, DSI denies it.

8. Authentify has not infringed and does not infringe any valid claim of the '282 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

**ANSWER:** Denied.

9. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Authentify as to whether Authentify has infringed or infringes any valid claim of the '282 Patent.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action.

10. Authentify requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action. DSI denies the remaining allegations, averments and conclusions of law and fact in this paragraph.

## COUNT II
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '282 PATENT

11. Authentify realleges and incorporates by reference the foregoing allegations as though fully set forth here.

**ANSWER:** DSI incorporates by reference its responses to paragraphs 1 through 10 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 11 to assert any allegations, fact, or averment, by implication or otherwise, DSI denies it.

12. The '282 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:** Denied.

13. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Authentify as to whether there exists any valid asserted claim of the '282 Patent.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action.

14. Authentify requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

**ANSWER:** DSI admits that this Court has subject matter jurisdiction over this action. DSI denies the remaining allegations, averments and conclusions of law and fact in this paragraph.

## ATTORNEYS' FEES

15. This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs and expenses for Authentify against Plaintiff pursuant to 35 U.S.C. § 285.

**ANSWER:** Denied.

## DSI'S AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to Authentify's counterclaims, and without assuming any burden that it would not otherwise have, DSI states as follows:

## FIRST AFFIRMATIVE DEFENSE

Authentify's counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

DSI expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff DSI respectfully requests that this Court:

A. Dismiss Authentify's Counterclaims in their entirety with prejudice with respect to DSI;

B. Deny all of Authentify's Counterclaims against DSI;

C. Award DSI its costs and attorney's fees incurred in defending against these Counterclaims; and

D. Award DSI any and all further relief as the Court may deem just and proper.

Dated:  September 24, 2013   STAMOULIS & WEINBLATT LLC

                          */s/ Stamatios Stamoulis*
                          Stamatios Stamoulis #4606
                                  stamoulis@swdelaw.com
                          Richard C. Weinblatt #5080
                                  weinblatt@swdelaw.com
                          Two Fox Point Centre
                          6 Denny Road, Suite 307
                          Wilmington, DE 19809
                          Telephone: (302) 999-1540

                          *Attorneys for Plaintiff*
                          *Digital Signal Innovations, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2013, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606